# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY A. WHITE, | ) |
|     Plaintiff, | ) |
|     v. | ) Case No. 03 C 5330 |
| CAROL L. ADAMS, TIMOTHY BUDZ, THOMAS MONOHAN, L. PICKETT, CLYDE BENNETT, DOUG COLLINS, and DOE DEFENDANTS 1-10, | ) Magistrate Judge Morton Denlow |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following three motions submitted by Plaintiff Gregory A. White ("Plaintiff"): 1) Plaintiff's motion to execute; 2) Plaintiff's writ of *habeas ad testificandum* for production of incarcerated plaintiff; and 3) Plaintiff's motion for appointment of counsel other than the appointed attorney he already has (collectively, "Plaintiff's motions"). Defendants Carol Adams, Timothy Budz, Thomas Monohan, L. Pickett, Clyde Bennett, Doug Collins, and Doe Defendants 1 through 10 (collectively, "Defendants") have filed an objection to Plaintiff's motions. For the following reasons, Plaintiff's motions are denied.

## I. PROCEDURAL HISTORY

Plaintiff, an inmate at Rushville Treatment and Detention Center ("TDF"), filed suit against Defendants, TDF officials, alleging civil rights violations relating to Plaintiff's detention. The parties reached a settlement in principle at a settlement conference conducted by this Court on October 11, 2006. (Dkt. 73). This Court dismissed the case without prejudice on February 8, 2007. (Dkt. 83). Subsequently, the parties executed a settlement agreement and general release in July and August, 2007. (Dkt. 96, Ex. A).

On November 6, 2007, this Court entered a rule to show cause after learning that Plaintiff had not received his settlement payment. (Dkt. 89). On January 10, 2008, this Court was advised that Plaintiff had finally received the settlement payment from Defendants and the Court discharged the rule to show cause. (Dkt. 90). Plaintiff filed a motion to reconsider on January 28, 2008, which was denied by this Court on March 11, 2008. (Dkt. 91 & 92). In denying Plaintiff's motion for reconsideration, this Court noted that Plaintiff had received payment and declined to exercise further jurisdiction to grant any further relief. (Dkt. 92).

On May 1, 2008, however, Plaintiff filed the three motions currently before this Court. He now asserts that Defendants failed to comply with the settlement agreement and he requests this Court to exercise jurisdiction to enforce the settlement. Defendants deny that the settlement agreement has been breached.

## II. DISCUSSION

Plaintiff alleges that Defendants have failed to live up to their obligations under the settlement agreement in four ways. First, Plaintiff claims that Defendants failed to make payment within the ninety days provided by the agreement. Second, Plaintiff claims that Defendants did not alter plaintiff's security status at TDF from "Unit Restriction" to "General" within the time allotted by the agreement.[1] Third, Plaintiff alleges he was deprived medical care to which he was entitled under the agreement. Finally, Plaintiff claims that Defendants have not allowed Plaintiff to purchase and possess a Nintendo Wii video-game system.

Defendants met their obligations under the settlement agreement. The record shows that Plaintiff received the settlement payment from Defendants. (Dkt. 90). Additionally, since the date of settlement, Plaintiff was placed on "General" security status and received an MRI and subsequent medical treatment. Def. Obj. Ex. A. at ¶¶ IV, VI.

Furthermore, the settlement does not entitle Plaintiff to purchase and possess a Nintendo Wii video-game system at TDF. As a TDF inmate, Plaintiff must abide by TDF rules and regulations, and nothing in the settlement created an exception to TDF's policies. Pursuant to page two of the Resident Handbook, "[r]esidents are assigned to Management Statuses on the basis of their needs for structure, their behavior . . . [a]nd their involvement in treatment here." Def. Obj. Ex. B at 2. Page 33 of the Handbook provides, "[s]pecific types, sizes and dimensions of permissible electric equipment are given in the Appendix A

---

[1] According to the TDF Resident Handbook, inmates at TDF are assigned statuses based on "their needs for structure and support, their behavior at the TDF, and their involvement in treatment here." Def. Obj. Ex. B. at 2.

3

at the end of this Handbook." *Id*. at 33. Page 38 of the Handbook clearly states that video game systems, controllers, and cartridges are only permitted for residents of status B or higher. *Id* at 38. Plaintiff, however, has never been at status B or higher. Def. Obj. Ex. A. at ¶ V.

Therefore, this Court finds that Defendants have fulfilled their obligations under the settlement agreement with respect to payment to Plaintiff, Plaintiff's security status, and Plaintiff's medical needs. Additionally, this Court finds Plaintiff is not entitled to a Nintendo Wii video-game system. The Court further finds that Plaintiff's counsel, Daniel R. Madock, did an excellent job of representing Plaintiff. Accordingly, Plaintiff's motions are denied.

In addition, this Court expressly declined to exercise further jurisdiction or to grant any further relief in its minute order issued March 11, 2008. (Dkt. 92). The Court requests Plaintiff to cease filing further motions with this Court regarding the settlement.

### III. CONCLUSION

**For the foregoing reasons, the Court denies Plaintiff's motion to execute, Plaintiff's writ of *habeas ad testificandum* for production of incarcerated plaintiff, and Plaintiff's motion for appointment of counsel other than the appointed attorney he already has. This case is dismissed with prejudice.**

**SO ORDERED THIS 26th DAY OF June, 2008.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

4

**Copies sent to:**

| | |
|---|---|
| Gregory A. White<br>R.R. #1, Box 6-A<br>Rushville, Illinois<br>62681<br><br>Pro Se Plaintiff<br><br><br>Daniel R. Madock<br>Klein, Dub & Holleb<br>525 West Monroe Street<br>Suite 2360<br>Chicago, Illinois 60661<br><br>Counsel for Plaintiff | Shirley R. Calloway<br>Assistant Attorney General<br>Office of the Attorney General<br>General Law Bureau<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br><br>Counsel for Defendants |